UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH HOOGERHEIDE,

       Plaintiff,                                    Case No. 1:08-cv-765

v.                                                    HON. JANET T. NEFF

INTERNAL REVENUE SERVICE and
UNITED STATES OF AMERICA,

       Defendants.
_____/

## **OPINION**

Pending before the Court is the United States' "Motion to Dismiss and/or for Summary Judgment on Count III of the Complaint, Seeking Damages Under 26 U.S.C. § 7433" (Dkt 34). Plaintiff filed a response (Dkt 35) and a motion to strike the United States' motion (Dkt 36). The United States filed a reply (Dkt 37). Having reviewed the written submissions and accompanying exhibits, the Court finds that the relevant facts and arguments are adequately presented in these materials and that oral argument would not aid the decisional process. *See* W.D. Mich. LCivR 7.2(d). For the reasons that follow, the Court denies plaintiff's motion and grants the motion of the United States.

### I. BACKGROUND

On August 14, 2008, plaintiff Kenneth Hoogerheide filed a complaint against the Internal Revenue Service (IRS) and IRS employees Ruben Espinoza, Judith Hubbs, Robert Schaeffer, Elizabeth Robbins, Tony Hentkowski, John Domke, and Pamara Blount. Plaintiff alleges that

defendants engaged in wrongful and illegal conduct in their attempts to collect his unpaid taxes. Plaintiff particularly complains of the IRS's actions in seizing and selling at auction his Oshtemo Township property. According to plaintiff, the IRS engaged in "gamesmanship" by "refusing to delay the sale in order to allow the Offer [in Compromise] process to work." Compl. ¶ 29.

Plaintiff seeks $1 million in damages and injunctive relief under various statutory and common law theories. Compl. ¶¶ 78-84, 92-123. Plaintiff's nine counts are not sequential and consist of Counts I, II, III, IV, V, V, X, XIII, and XV. Plaintiff did not serve the individual defendants, and the individual defendants were eventually dismissed from this case for lack of prosecution (Dkt 38).

Although plaintiff did not name the United States as a party, plaintiff is essentially suing the United States. A suit against the IRS or its officers or employees in their official capacities is essentially a suit against the United States. *Williams v. United States,* 900 F.2d 261 (Table), 1990 WL 47555, *1 (6th Cir. 1990) (citing *Atkinson v. O'Neill,* 867 F.2d 589, 590 (10th Cir. 1989)). On behalf of its agency, the United States entered an appearance in this case (Dkt 11).

On October 6, 2008, the United States filed a request for a Pre-Motion Conference, seeking to file a motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and/or failure to state a claim (Dkt 4). As this Court indicated at the December 5, 2008 Pre-Motion Conference, plaintiff never pursued his request in Count I for a Temporary Restraining Order (TRO) for "preventing further collection action and return of the auctioned property" by filing a motion and brief in support of his request for injunctive relief as required by W.D. Mich. LCivR 7 (Motion

2

Practice).[1] Plaintiff, having also withdrawn multiple counts in his Complaint both during and after the Pre-Motion Conference, has pursued only Count III, his claim for damages for a Violation of Internal Revenue Code (IRC) § 7433, 26 U.S.C. § 7433.

This Court issued a briefing schedule, permitting the parties to brief the challenges the United States posed to the remaining count in this case. The United States subsequently filed the instant "Motion to Dismiss and/or for Summary Judgment on Count III of the Complaint, Seeking Damages Under 26 U.S.C. § 7433." The United States offers three alternative arguments in support of its motion. First, under FED. R. CIV. P. 12(b)(1), the United States asserts that this Court lacks jurisdiction over the subject matter of Count III. Second, under Rule 12(b)(6), the United States asserts that Count III fails to state a claim for which relief can be granted. Last, the United States argues under FED. R. CIV. P. 56 that there is no genuine issue as to any material fact and the United States is entitled to judgment as a matter of law on Count III. This Court finds the subject-matter-jurisdiction argument outcome determinative.

## II. ANALYSIS

### A. *Motion to Dismiss*

It is well established that sovereign immunity bars an action against the United States unless specifically abrogated by an act of Congress. *United States v. Testan,* 424 U.S. 392, 399 (1976). *See also Whittle v. United States,* 7 F.3d 1259, 1262 (6th Cir. 1993) (explaining that the doctrine of

---

[1] Indeed, whether this Court could have properly issued a TRO poses a substantial question given the provision in the Code providing that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person." 26 U.S.C. § 7421(a). The question is now moot because any TRO this Court could have properly issued would have ceased to be effective on the entry of an order dismissing the case as the essence of a TRO is to preserve the status quo pending further proceedings.

sovereign immunity extends to bar suits against agencies of the United States). The enactment of general jurisdiction statutes such as 28 U.S.C. § 1331 do not waive sovereign immunity and therefore cannot be the basis for jurisdiction over a civil action against the federal government. *Whittle, supra.* Rather, § 1331 merely gives the district court jurisdiction to hear federal claims not otherwise barred. *Id.*

Plaintiffs bear the burden of showing a waiver of sovereign immunity and establishing the court's subject-matter jurisdiction over their claims. *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994) ("It is to be presumed that a cause lies outside [federal courts'] limited jurisdiction ... and the burden of establishing the contrary rests upon the party asserting jurisdiction"); *Rogers v. Stratton Indus., Inc.,* 798 F.2d 913, 915 (6th Cir. 1986). When subject-matter jurisdiction is challenged, the trial court is empowered to resolve factual disputes. *Rogers,* 798 F.2d at 915, 918. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The United States asserts, and plaintiff does not disagree, that the sole mechanism for bringing a suit for damages for an intentional, reckless, or negligent violation of the Internal Revenue Code by an officer or employee of the IRS is an action for damages under § 7433 of the Internal Revenue Code. Section 7433 provides a cause of action (and waiver of sovereign immunity) for alleged misconduct by the IRS, stating that "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States." 26 U.S.C. § 7433(a). Section 7433 further

states that "[e]xcept as provided in section 7432 [regarding civil damages for failure to release a lien], such civil action shall be the exclusive remedy for recovering damages resulting from such actions." *Id.*

A judgment for damages cannot be awarded on a § 7433 claim "unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). Under the regulations promulgated by the Secretary of the United States Treasury, a taxpayer alleging misconduct must file an administrative claim before filing suit. 26 C.F.R. § 301.7433-1.

The parties' disagreement in this case is over whether plaintiff exhausted his administrative remedies. The United States asserts that plaintiff did not file an administrative claim before filing suit and that, as a result, the United States has not waived its sovereign immunity and this Court lacks jurisdiction to consider plaintiff's pending § 7433 claim for damages. Plaintiff argues that his counsel's telephonic, written, and in-person communications with certain IRS employees provided the IRS with sufficient information to support a claim for damages under § 7433. Resp. 7. Plaintiff asserts that he "substantially complied" with the notice requirements. *Id.* 9.

In reply, the United States asserts that plaintiff's communications with IRS employees merely put the IRS on notice that plaintiff sought to stay the administrative sale of his property. Reply 3-4. According to the United States, the communications did not put the IRS on notice that its employees had caused a compensable injury, nor did the communications provide the information necessary to understand and evaluate the merits of a claim for damages in an improper collection action. *Id.*

The Court agrees with the United States that plaintiff has not borne his burden of establishing this Court's jurisdiction over the subject matter of his claim.

The regulations setting forth the procedures for filing an administrative claim for damages are specific. The regulations instruct a taxpayer to send his claim, "in writing, to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides." 26 C.F.R. § 301.7433-1(e)(1). The administrative claim must include the following:

> (i) The name, current address, current home and work telephone numbers and any convenient times to be contacted, and taxpayer identification number of the taxpayer making the claim;
>
> (ii) The grounds, in reasonable detail, for the claim (include copies of any available substantiating documentation or correspondence with the Internal Revenue Service);
>
> (iii) A description of the injuries incurred by the taxpayer filing the claim (include copies of any available substantiating documentation or evidence);
>
> (iv) The dollar amount of the claim, including any damages that have not yet been incurred but which are reasonably foreseeable (include copies of any available substantiating documentation or evidence); and
>
> (v) The signature of the taxpayer or duly authorized representative. For purposes of this paragraph, a duly authorized representative is any attorney, certified public accountant, enrolled actuary, or any other person permitted to represent the taxpayer before the Internal Revenue Service who is not disbarred or suspended from practice before the Internal Revenue Service and who has a written power of attorney executed by the taxpayer.

[26 C.F.R. § 301.7433-1(e)(2)(ii-iv)]

Further, a taxpayer generally may not file suit until the IRS has issued a decision or failed to act on the claim within six months of the date of filing. 26 C.F.R. § 301.7433-1(d). Last, no action may be instituted in federal district court for a sum in excess of the dollar amount sought in the administrative claim. *Id.* § 301.7433-1(f).

Plaintiffs must strictly comply with exhaustion requirements before filing an action in federal court. *Romp v. United States,* 96 Fed.Appx. 978, 979-80 (6th Cir. 2004). Substantial compliance is insufficient. The United States Supreme Court explained that "[t]he exhaustion doctrine recognizes the notion, grounded in deference to Congress' delegation of authority to coordinate branches of government, that agencies, not the courts, ought to have primary responsibility for the programs that Congress has charged them to administer. Exhaustion concerns apply with particular force when the action under review involves exercise of the agency's discretionary power or when the agency proceedings in question allow the agency to apply its special expertise." *McCarthy v. Madigan,* 503 U.S. 140, 145 (1992). Hence, failure to strictly comply with the exhaustion requirements deprives a court of jurisdiction. *Romp,* 96 Fed. Appx. at 979-80.

This Court has reviewed the exhibits upon which plaintiff relies to demonstrate his exhaustion of administrative remedies. Plaintiff's exhibits consist of documents and correspondence from plaintiff's attorney to various IRS employees about the underlying collection action. In the letters, plaintiff's attorney requests information and assistance from the IRS employees. Plaintiff's attorney also poses challenges to the manner in which the IRS employees were handling plaintiff's collection case. Conspicuously absent, however, is any document satisfying the requirements of the Treasury regulations for an administrative claim.

Plaintiff did not exhaust his administrative remedies in accordance with the regulations, and his substantial-compliance argument does not support a different result, given the specificity of the Treasury regulations and the strict compliance with which plaintiffs are expected to satisfy the exhaustion requirements before filing suit in federal court. Because plaintiff has not exhausted his

administrative remedies, the Court does not have jurisdiction to proceed on plaintiff's claim, and plaintiff's case must be dismissed.

As for plaintiff's request that this Court exercise its discretion and either waive the exhaustion requirements or toll the limitations period for plaintiff to exhaust his administrative remedies, plaintiff provides no authority for his request, and this Court is not convinced that there is a proper basis for the request. *See, e.g., Williams v. United States,* 165 F.3d 30 (Table), 1998 WL 537579, *5 (6th Cir. 1998).

B. *Motion to Strike*

In his response to the United States' motion and his Motion to Strike, plaintiff delineates several alleged procedural errors committed by the United States in briefing, serving and filing its motion, errors on which plaintiff argues dismissal of the United States' motion and recovery of his attorney fees and costs are predicated. Plaintiff argues that "if the US Attorney is going to argue that strict compliance is required on serving notices, then they must be held to the same standard." Resp. 3. Plaintiff asserts that "[b]efore this Court can rule on the substance of Defendants' Motion, it must first deal with Defendants failure to comply with procedure." *Id.* 4.

Plaintiff's assertion is incorrect. As the United States points out, there is no merit in the proposition that a procedural error during litigation can serve to confer jurisdiction where jurisdiction otherwise would not exist. Reply 9. Rather, the Court must first be convinced of its jurisdiction before taking any other action in the case. *See Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990). When a court lacks subject-matter jurisdiction, a proposition of which this Court is convinced in this case for the aforementioned reasons, then any order other than an order of dismissal would be void. *See Antoine v. Atlas Turner, Inc.,* 66 F.3d 105,

8

108 (6th Cir. 1995). Consequently, plaintiff's Motion to Strike and his concomitant request for attorney fees and costs are denied as moot.

## III. CONCLUSION

For the foregoing reasons, the Court grants the United States' "Motion to Dismiss and/or for Summary Judgment on Count III of the Complaint, Seeking Damages Under 26 U.S.C. § 7433" (Dkt 34) and denies as moot plaintiff's Motion to Strike (Dkt 36).

An Order of Dismissal consistent with this Opinion will be entered.


DATED: December 2, 2009            /s/ Janet T. Neff
JANET T. NEFF
United States District Judge